UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-10979-RWZ

D.B. ZWIRN SPECIAL OPPORTUNITIES FUND L.P.
*n/k/a Fortress Value Recovery Fund LLC*

v.

VIKAS MEHROTRA

ORDER

January 31, 2011

ZOBEL, D.J.

Plaintiff D.B. Zwirn, an investment fund, sues defendant Vikas Mehrotra, an investment fund manager, for (1) conspiracy to defraud, and (2) aiding and abetting fraud in violation of Massachusetts law. The lawsuit was filed in Massachusetts Superior Court on May 7, 2010, and removed by Mehrotra. Now pending is his motion to dismiss.

**I.    Background**

The facts, as set forth in the complaint, are that plaintiff entered into negotiations with Dinesh Dalmia to finance telecommunications and computer equipment purchases and leases for Vanguard USA, a company that operated a call center in New Jersey. Plaintiff ultimately agreed to the transaction in late 2005 and wired approximately $7.5 million to an equipment vendor. The vendor transferred all of the money to another company run by Dalmia. No equipment was purchased.

Plaintiff became aware of the fraud in February 2006. Vanguard USA defaulted after making the first two monthly lease payments, so plaintiff sent an appraiser to inspect the purportedly purchased equipment. The appraiser found only old, nearly valueless electronics.

Mehrotra is alleged to have engaged in financial dealings with Dalmia. The two are said to have met in 2003 when Dalmia expressed interest in investing in the Mehrotra investment funds. Dalmia thereafter invested several million dollars in the funds. Mehrotra borrowed other Dalmia assets for margin trading, used still other assets as collateral, and traded in commodities on behalf of a Dalmia company. Plaintiff says that Mehrotra did not properly document these transactions, and that he knew, in general terms, that Dalmia did not use for legitimate purposes monies transferred to him. He is not accused of knowing about the specific fraud perpetrated against plaintiff.

Plaintiff filed an earlier lawsuit against Mehrotra in this district on March 10, 2007, C.A. 07-10892-RCL. That lawsuit involved similar factual allegations to those in the present suit and included a civil RICO claim in addition to the two state law fraud claims. (May 22, 2007 Am. Compl., Docket # 5 Ex. A.) The suit was dismissed on December 11, 2007, when the court ruled that the complaint failed to state a RICO claim and declined to exercise supplemental jurisdiction over the remaining state law claims. (Dec. 11, 2007 Electronic Clerk's Notes, Docket # 9 Ex. 2.)

## II. Analysis

Plaintiff's fraud claims are subject to a three-year statute of limitations, Mass. Gen. Laws ch. 260 § 2A, and there is no dispute that this lawsuit was filed more than three years after the tortious injury occurred.  Plaintiff argues that the statute of limitations was tolled by the discovery rule.  "Under this discovery rule, the statute of limitations starts when [a] plaintiff discovers, or reasonably should have discovered, that he has been harmed or may have been harmed by the defendant's conduct."  Koe v. Mercer, 876 N.E.2d 831, 836 (Mass. 2007) (internal quotation marks omitted). Plaintiff bears the burden of proving both the actual lack of knowledge and the objective reasonableness of that lack of knowledge during the tolling period.  Id.

Plaintiff was on notice that the fraud occurred no later than February 2006, after the company discovered the equipment at Vanguard USA was old and worthless.  The company argues that the relevant date was, instead, when the company discovered that Merhotra was involved in the fraud.  Massachusetts law is to the contrary.  "The important point is that the statute of limitations starts to run when an event or events have occurred that were reasonably likely to put plaintiff on notice that someone may have caused [the] injury."  Bowen v. Eli Lilly & Co., 557 N.E.2d 739, 741 (Mass. 1990); see Hanley v. Citizens Bank of Mass., 803 N.E.2d 1289 (Mass. App. Ct. 2004) (Table) (affirming a dismissal on statute of limitations grounds where the statute began to run when the plaintiff had notice of possible negligence, thus triggering a duty to investigate, but no information as to the specific negligent conduct or the identities of the tortfeasors); Krasnow v. Allen, 562 N.E.2d 1375, 1379-80 (Mass. App. Ct. 1990) (holding that knowledge of the identity of the particular defendant claimed to be

3

responsible is not required).

Regardless, it is apparent from the undisputed facts that plaintiff had actual knowledge of Mehrotra's possible involvement more than three years before this suit was filed. Plaintiff hired a private investigator on August 30, 2006, nearly four years before the filing of this lawsuit, to investigate Mehrotra and his companies. (Aff. of Steven Snyder filed by plaintiff in the 2007 lawsuit, Docket # 5 Ex. C.) The lawsuit that followed eight months later was filed a scant three days less than three years before the present suit, and plaintiff has presented nothing to carry the burden of proving the implausible scenario that the relevant discovery of Mehrotra occurred during this sliver of time.

Plaintiff instead asserts that Mehrotra "fraudulently conceal[ed]" the basis for the cause of action, thus further tolling the statute of limitations, when he filed an affidavit in the earlier case stating that "he did not take part in any fraudulent actions." (Pl.'s Resp. 5-6, Docket # 9.) The doctrine of fraudulent concealment tolls the statute of limitations "when a defendant fraudulently conceals a cause of action . . . for the period prior to the plaintiffs' discovery of the cause of action." Salvas v. Wal-Mart Stores, Inc., 893 N.E.2d 1187, 1218 (Mass. 2008); see Mass. Gen. Laws ch. 260 § 12. It has no application here. When the defendant filed the affidavit stating that he had not participated in the fraud, plaintiff had already discovered the cause of action and brought suit.

### III. Conclusion

Defendant's motion to dismiss (Docket # 4) is ALLOWED. Defendant's motion

4

for leave to file a reply (Docket # 10) is ALLOWED.  Judgment may be entered dismissing the complaint.

    January 31, 2011                                   /s/Rya W. Zobel
          DATE                                         RYA W. ZOBEL
                                                     UNITED STATES DISTRICT JUDGE